UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENEVA BLANCH, JOYCE BOWMAN
And ALEXIS TRUITT, on behalf of
themselves and others similarly situated,

Plaintiffs,

Case No.:
Hon.

v.

BEAUMONT HEALTH, A Domestic Non-Profit Corporation, BOTSFORD CONTINUING CARE CORPORATION, A Domestic Non-Profit Corporation, OAKWOOD HEALTH PROMOTIONS, INC., A Domestic Non-Profit Corporation,

**DEMAND FOR JURY TRIAL**

Defendants.
_______________________________/

JOHN A. SCHIPPER (P68770)
Disability & Benefits Associates of
Michigan, PLC
Attorney for Plaintiffs
200 E. Big Beaver Road
Troy, MI 48083
(248) 729-2414
_______________________________/

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the Complaint.

**COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, GENEVA BLANCH, JOYCE BOWMAN And ALEXIS TRUITT, on behalf of themselves and others similarly situated, through their attorneys, JOHN

A. SCHIPPER and DISABILITY & BENEFITS ASSOCIATES OF MICHIGAN, PLC, file this Complaint against Defendants pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., as follows:

## INTRODUCTION

1. The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general wellbeing of workers." 29 U.S.C. § 202(a). To achieve its purposes, the FLSA requires three things. First, the FLSA requires payment of minimum wages. 29 U.S.C. § 206(a). Second, the FLSA requires overtime pay for a covered employer whose employees work in excess for 40 hours per workweek. 29 U.S.C. 207(a). And third, the FLSA establishes minimum recordkeeping requirements for covered employers. 29 U.S.C. § 211(a); 29 C.F.R. § 516.2(a)(7).

2. Plaintiffs were for all relevant times non-exempt employees for Defendants, individually and as part of a joint enterprise, and were to be paid an hourly rate of pay for hours worked and one- and one-half times that rate for hours worked in excess of forty hours per workweek. Plaintiffs' consent to file this action pursuant to 29 U.S.C. § 216(b) is filed as **Exhibit A** to this Complaint.

3. Employers are not required to pay employees for meal periods if the meal period is at least a half hour in duration and is completely uninterrupted. 29 C.F.R. §785.19. However, Defendants automatically deducted 30 minutes from each

shift worked by its employees, including shifts worked by Plaintiffs, regardless of whether the employees actually took the meal break or attempted to take a meal break, only to be interrupted due to the demands of the job.

4. In fact, for employees responsible for direct patient care, Defendants instituted policies that created continuous interruptions during the majority of their meal breaks. As such, Defendants denied wages for on-duty meal periods under an illegal pay policy and practice. Under this policy, non-exempt employees involved in direct patient care were not free from work during meal periods and were denied pay for those on-duty meal periods. Defendants required and/or permitted Plaintiffs and other similarly situated employees responsible for direct patient care to work in excess of forty hours per work week, but Defendants refused to compensate them for interrupted and/or missed meal breaks. This practice violates the Fair Labor Standards Act ("FLSA").

5. With respect to the on-duty meal break violation, Plaintiffs are similarly situated to the following class of employees:

**All of Defendants' current and former hourly employees assigned to/employed at Beaumont Rehabilitation & Continuing Care Center, Dearborn, and Beaumont Rehabilitation & Continuing Care Center, Farmington Hills, who were responsible for direct patient care and were**

**subject to Defendants' automatic meal deduction policy during the three years before this Complaint was filed up to the present.**

6. Defendants willfully, deliberately, and voluntarily failed to pay Plaintiffs and Class Members for all hours worked including but not limited to those hours worked in excess of forty hours per week. Defendants violated the FLSA by willfully demanding or permitting Plaintiffs and Class Members to perform work and/or remain on duty during their meal breaks, but subjecting them to an automatic 30-minute meal break deduction per shift.

7. Defendants' conduct violates the FLSA because of the mandate that non-exempt employees, such as Plaintiffs and the Class Members, be paid for all hours worked including, but not limited to, those hours worked in excess of forty hours per week at one and one-half their regular rate of pay within a single week. *See* 29 U.S.C. §§ 206(a), 207(a); 29 C.F.R. 785.19.

8. Therefore, Plaintiffs file this action to recover on behalf of themselves and Class Members all unpaid wages and other damages owed to them under the FLSA, individually and as a 29 U.S.C. § 216(b) collective action, in order to remedy the extensive and sweeping violation of the wage and hour provisions that the Defendants have integrated into their time tracking and payroll policies and which have deprived Plaintiffs and Class Members of their lawfully-earned wages.

**JURISDICTION AND VENUE**

9. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq.*,) to recover unpaid overtime, lost wage, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

10. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

11. This Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all, or at least a substantial part, of the events giving rise to Plaintiff's claims occurred in Wayne and Oakland Counties, Michigan, located within the Southern Division of the Eastern District of Michigan.

**THE PARTIES**

13. Plaintiff, Geneva Blanch, is a citizen of the State of Michigan who was for all relevant times, and continues to be, employed as a nurse at Defendants' Rehabilitation & Continuing Care Center, Dearborn.

14. Plaintiff, Joyce Bowman, is a citizen of the State of Michigan who was for all relevant times, and continues to be, employed as a nurse at Defendants' Rehabilitation & Continuing Care Center, Dearborn.

15. Plaintiff, Alexis Truitt, is a citizen of the State of Michigan who was for all relevant times, and continues to be, employed as a nurse at Defendants' Rehabilitation & Continuing Care Center, Dearborn.

16. Defendant Oakwood Health Promotions, Inc. ("Oakwood") is a Domestic Non-Profit Corporation that does business relevantly as Beaumont Rehabilitation & Continuing Care Center, Dearborn. Oakwood does business throughout Michigan with its registered office listed as 2000 Town Center, Ste 1200, Southfield, MI 48075.

17. Botsford Continuing Care Corporation ("Botsford") is a Michigan Domestic Non-Profit Corporation that does business relevantly as Beaumont Rehabilitation & Continuing Care Center, Farmington Hills. Botsford does business throughout Michigan with its registered office listed as 26935 Northwestern Highway, Southfield, MI 48033.

18. Beaumont Health is a Michigan Nonprofit Corporation. Beaumont Health does business throughout Michigan with its registered office listed as 26935 Northwestern Highway, Southfield, MI 48033.

19. Defendants, individually and jointly are employers as defined by 29 U.S.C §201, *et seq*., operating rehabilitation centers that are, or were for relevant times, a part of the Beaumont Health System.

20. Defendants, individually and jointly, employ, or employed, Plaintiffs and a class of similarly situated hourly, non-exempt, direct health care providers.

21. At all times material hereto, Defendants, individually, were enterprises covered by the FLSA, as defined by 29 U.S.C. §§203(r) and 203(s).

22. At all times material to this action, Defendants, individually, were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

23. At all times material hereto, Defendants, individually, were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

24. Based upon information and belief, the annual gross revenue of Defendants, individually, was in excess of $500,000.00 per annum during the relevant time periods.

25. At all times material to this action, Defendants, had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce including, *inter alia*, medical supplies, which were used directly in furtherance of Defendants' commercial activity of providing medical care to patients.

26. At all times material hereto, the Plaintiffs were "employees" of Defendants within the meaning of FLSA.

27. At all times material hereto, Defendants, collectively, were "joint employers" within the meaning of the FLSA. 29 C.F.R. §791.2

28. At all times material to this action, Plaintiffs were "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

29. At all times material hereto, Plaintiffs were engaged in the "production of goods and services" and subject to the individual coverage of the FLSA.

30. At all times material hereto, the work performed by Plaintiffs was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

31. Defendant Beaumont Health owns and operates, and has owned and operated for all times material to this matter, Defendant rehabilitation centers–consisting of the operations known as Beaumont Rehabilitation & Continuing Care Center, Farmington Hills and Beaumont Rehabilitation & Continuing Care Center, Dearborn.

32. Defendant rehabilitation centers are fully or partially owned and controlled by Beaumont Health, which upon information and belief administers among other facets, the human resource function of the centers, including, but not limited to, operating payroll.

33. In violation of the FLSA and its regulations, Defendants have a payroll policy of automatically deducting 30 minutes per shift worked for a so-called meal break for certain hourly paid workers at the rehabilitation centers and nursing home.

34. This policy applies to all hourly-paid, non-exempt employees who are responsible for direct patient care.

35. Under Defendants' policy, Defendants instruct their employees to clock in at the beginning and clock out at the end of their shifts; however, Defendants do not require their employees to clock out at the beginning of their meal period and/or clock back in at the end of their meal period.

36. Until recently, Defendants did not have a system for tracking when an employee was not taking a meal break. Most recently, however, Defendants required employees to specifically report to their supervisor that they are working through their meal break.

37. Defendants have programmed their time tracking system to automatically deduct 30 minutes per shift worked by the employees subject to this policy. This is the default time tracking rule for Plaintiffs and the Class Members.

38. This payroll policy applies to employees responsible for direct patient care including, but not limited to, nurses and nursing assistants.

39. Plaintiffs and the members of the Class were not lawfully paid for all hours worked, including, but not limited to, full and accurate overtime compensation for all hours worked above forty hours in each work week.

40. The reporting of hours worked by employees was uniformly and routinely manipulated by Defendants to avoid reporting the accurate amount of time worked by its employees. Plaintiffs and the members of the Class were routinely not fully and accurately paid for time worked, including, but not limited to, overtime.

41. As a result of these timekeeping practices, the records of hours worked for all employees of Defendants do not accurately reflect the total hours worked by Plaintiffs and the members of the Class. Furthermore, the timekeeping records kept by Defendants do not accurately reflect the correct rate of pay that Plaintiffs and the members of the Class should have been paid for hours worked in excess of forty hours per week.

42. Defendants' failure and/or refusal to properly track hours worked and compensate Plaintiffs at the rates and amounts required by the FLSA was willful.

43. Plaintiffs have individually and collectively been harmed by Defendants violation of FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

44. Plaintiffs bring this Cause of Action on behalf of the Class as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, 216(b)(hereinafter "the Collective Class") and 29 C.F.R. 785.19.

45. The claims under the Fair Labor Standards Act may be pursued by those similarly situated employees who opt-in to this case pursuant to 29 U.S.C. § 216(b).

46. The members of the Collective Class are so numerous that joinder of all members is impracticable.

47. While the exact number of the members of the Collective Action is unknown to Plaintiffs at this time, and can only be ascertained through appropriate discovery, Plaintiffs believe there are numerous other individuals who are potential members of the Collective Class.

48. The claims of the Plaintiffs are typical of the claims of the Collective Class. Plaintiffs and the members of the Class work or have worked for Defendants and were subject to the same operational, compensation, and timekeeping policies and practices, including not being paid fully and accurately for all hours worked including, but not limited to, hours in excess of forty hours per week.

49. Thus, the Class members are owed overtime wages, lost wage and damages for the same reasons as Plaintiffs.

**COUNT I – VIOLATION OF FLSA**
**FULL AND ACCURATE WAGES**
**(29 U.S.C. §§ 206, 207, 216; 29 C.F.R. §785.19)**

50. Plaintiffs, on behalf of themselves and the members of the Collective Class, repeat and reallege the allegations contained in Paragraphs 1 through 49 above as if they were fully set forth herein.

51. At all times relevant to this action, Defendants have been and continue to be employers within the meaning of the FLSA under 29 U.S.C. § 203(d).

52. At all times relevant to this action, Defendants employed and/or continue to employ Plaintiffs and each of the members of the Class within the meaning of the FLSA.

53. At all times relevant to this action, Defendants had a uniform policy and practice of willfully refusing to pay its employees for every hour worked including, but not limited to, those hours worked in excess of forty hours per week by Plaintiffs and each of the members of the Collective Class.

54. Defendants had a uniform policy and practice of deducting bona fide meal periods from Plaintiffs' hours suffered or permitted to work and pay when Defendants knew or should have known that Plaintiffs were systematically being denied bona fide meal periods consisting of ½ hour of uninterrupted time in relief of all work duties.

55. Defendants did not act in good faith or reliance upon any of the following in formulating their hour and pay policy and practice: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

56. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiffs suffered and continue to suffer damages and lost compensation for straight time worked and overtime hours worked over forty (40) hours per week, plus liquidated damages.

57. Plaintiffs are entitled to an award of all regular hourly pay, overtime, an amount equal to all hourly pay and overtime in the form of liquidated damages, and reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs request a judgment entered in their favor and against the Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

**COUNT II**
**DECLARATORY RELIEF**

58. Plaintiffs re-allege and incorporate paragraphs 1 through 57 of the Complaint as if fully set forth herein.

59. Plaintiffs and Defendants have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

60. The Court also has jurisdiction to hear Plaintiffs' request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

61. Plaintiffs may obtain declaratory relief.

62. Defendants employed Plaintiffs both directly and as joint employers.

63. Plaintiffs were individually covered by the FLSA.

64. Plaintiffs are entitled to straight time and overtime compensation pursuant to 29 U.S.C. §§206(a)(1), 207(a)(1) and 29 C.F.R. 785.19.

65. Defendants did not rely on a good faith interpretation of the FLSA, its regulations or any Department of Labor opinion in their failure to abide by the provisions of the FLSA.

66. Plaintiffs are entitled to an equal amount of liquidated damages in addition to their damages in accord with the above-stated violations.

67. It is in the public interest to have these declarations of rights recorded.

68. Plaintiffs' declaratory judgment action serves the useful purpose of clarifying and settling the legal relations at issue.

69. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

70. Plaintiffs demand a trial by jury.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against the Defendants:

a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the wage, maximum hour and provisions and regulations of the FLSA;

b. Awarding Plaintiffs compensation in the amount due to them for Plaintiffs' straight time and overtime;

c. Awarding Plaintiffs their lost wage post-termination for wage lost as a result of his unlawful termination;

d. Awarding Plaintiffs an amount of liquidated damages equal to the amount of compensation due pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiffs pre-judgment interest;

f. Ordering any other further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs hereby demand a trial by jury.

Respectfully submitted,

DISABILITY & BENEFITS
ASSOCIATES OF MICHIGAN, PLC
/s/ JOHN A. SCHIPPER (P68770)
Attorneys for Plaintiffs
200 E. Big Beaver Road
Troy, MI 48083
(248) 729-2414 Phone/Fax
jschipper@disabilitybenefitsmi.com

Dated: September 11, 2019