UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENEVA BLANCH, et al.,

    Plaintiffs,

v.

BEAUMONT HEALTH, et al.,

    Defendants.
_____/

Case No. 2:19-cv-12678

HONORABLE STEPHEN J. MURPHY, III

## **JOINT MOTION TO APPROVE FLSA SETTLEMENT**

COME NOW, Plaintiffs, GENEVA BLANCH, JOYCE BOWMAN, and ALEXIS TRUITT, on behalf of themselves and others similarly situated ("Plaintiffs"), and Defendants, BEAUMONT HEALTH, BOTSFORD CONTINUING CARE CORPORATION, and OAKWOOD HEALTH PROMOTIONS, INC. ("Defendants") (all parties collectively referred to as the "Parties"), by and through their respective undersigned counsel, hereby jointly file this Joint Motion for approval of the settlement agreement between the Plaintiffs and Defendants and dismissing the case with prejudice. In support, the Parties state as follows:

1

## BACKGROUND

1. This is an action for unpaid wages brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

2. On September 11, 2019, Plaintiffs filed this collective action lawsuit on behalf of themselves and all similarly-situated individuals. *ECF No. 1*.

3. Plaintiffs allege that they and the putative class work/worked for Defendants as non-exempt nurses, and were compensated at an hourly rate of pay for their hours worked. *See Id.*

4. Plaintiffs allege that Defendants violated the FLSA by failing to compensate them and other similarly-situated employees' full and accurate wages, including overtime, for all hours worked, including hours deducted for lunch/meal periods that they allege they were not allowed use or did not occur freely and without interruption, within the statutory period. *See Id.*

5. Defendants are a large healthcare network that, *inter alia*, provides health rehabilitation to individuals in Michigan.

6. Defendants deny any and all liability or wrongdoing of any sort with respect to the Plaintiffs' allegations.

7. Defendants maintain that their pay practices comply with FLSA requirements but, nonetheless, on or about October of 2019 they indicated to

Plaintiffs, through their counsel, that they would entertain a demand for settlement from Plaintiffs, but not a collective action.

8. When presented with this, Plaintiffs (GENEVA BLANCH, JOYCE BOWMAN, and ALEXIS TRUITT) decided it was in their best interests to continue this matter individually, without demanding collective action status as called for in their Complaint, and they wished to individually settle their wage claims. *See* 29 U.S.C. § 216(b).

9. The Parties stipulated to stay this action while negotiating the terms of a potential settlement.

10. The Parties exchanged documents including pay and time records for Plaintiffs.

11. As a result of the exchange and review these documents, there remained genuine material disputes, which include:

    a. Whether the wage violation was willful to the extent to call for a three-year period of back wages;

    b. Whether there were mitigating circumstances, and/or objective and subjective good faith, in Defendants' pay practices that would call for eliminating altogether or limiting liquidated damages to less than 100% of actual amounts found owing.

12. Upon careful review of the records and defenses, the Plaintiffs agreed to settle this matter, and they believe that they are receiving a fair, adequate, and reasonable settlement compensation for their unpaid wages and liquidated damages owed with respect to any and all of the above claims.

13. Plaintiffs believe that the claims have merit, and the settlement monies each Plaintiff is to receive pursuant to the settlement agreement fully compensates the Plaintiffs for the straight-time and overtime damages they allege in this matter, including receipt of liquidated damages based on the records.

14. The settlement was the result of arm's length negotiations where the Parties were represented by counsel.

15. Plaintiffs' attorneys' fees, costs and expenses, in the amount of Ten Thousand Eight Hundred Seventy-Seven Dollars and Fifty Cents ($10,877.50) were negotiated and agreed upon by the Parties.

16. While the language and non-monetary terms of the settlement agreement apply equally to all Plaintiffs, the monetary payments are individualized for each Plaintiff, based on their individualized damages.

17. Plaintiffs are to receive compensation for their damages claimed, including 2 ½ years back-pay period and 75% liquidated damages.

Specifically, the monetary payment the Plaintiffs are to receive, inclusive of liquidated damages is as follows:

    a. Geneva Blanch    $8,469.21

    b. Joyce Bowman    $7,914.55

    c. Alexis Truitt    $8,053.57

    Total    $24,437.33

18. The settlement represents fair relief to the Plaintiffs relative to the genuine and material disputes between the Parties, which would have otherwise have been litigated.

19. Should the Court Grant the Joint Motion to Approve FLSA Settlement, the Parties respectfully request the court Dismiss this matter with prejudice pursuant to the Proposed Joint Stipulation for Voluntary Dismissal with Prejudice. *See* ECF No. 11.

WHEREFORE, the Parties respectfully request that the Court enter an Order approving the Settlement Agreement and dismiss the case with prejudice.

## **STATEMENT OF ISSUES PRESENTED**

Whether the Court should approve the Parties' FLSA settlement as "fair" relative to the genuine issues of fact that remained between the parties to be litigated; namely:

    a. whether the wage violation was not willful to the extent to call for a less than three-year period of back wages;

    b.    whether there were mitigating circumstances, and/or objective and subjective good faith, in Defendants pay practices that would call for eliminating altogether or limiting liquidated damages to less than 100% of actual amounts found owing?

    Plaintiff Answers:  Yes

    Defendant Answers: Yes

## **MEMORANDUM OF LAW**

An employee's rights to a minimum wage and overtime premium wages under the FLSA are mandatory and are not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). An exception to that general rule exists when a *bona fide* dispute arises between the employee and employer, and that dispute is settled under court supervision. *Crawford v. Lexington-Fayette Urban Cty. Gov't,* No. 06-299, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008) (citing *Lynn's Food Stores v. U.S.*, 679 F.2d 1350 (11th Cir. 1982)). The Court's obligation in reviewing settlements of FLSA claims is to "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Group LLC*, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (*quoting Collins v. Sanderson Farms, Inc.*, 569 F. Supp. 2d 714, 719 (E.D. La. 2000)).

This matter involves allegations of straight-time and overtime violations against a class of nurses and direct patient-care workers. *See* D.E. 1. In essence, the Plaintiffs allege they were improperly docked for a half-hour meal break on every shift without having the ability to use that time free and without interruption. Defendants, before answering the Complaint, proposed negotiation with the named Plaintiffs in lieu of them pursing collective action status. Plaintiffs were counseled by their attorney as to the pros and cons of that, and they decided to attempt to negotiate settlement. They decided it was in their best interest to negotiate a settlement individually and forgo collective action status.

The Parties then exchanged documents and discussed the merits of the matter via several correspondence. Proposals were exchanged, in particular related to how far the liability should reach back in time (2 or 3 years) and at what percentage liquidated damages should be calculated. A compromise was ultimately reached for a period of 2 ½ years and 75% liquidated damages. Attorneys' fees, costs and expenses would be Ten Thousand Eight Hundred Seventy-Seven Dollars and Fifty Cents ($10,877.50). Plaintiffs' specific amounts to be paid are as follows:

a. Geneva Blanch        $8,469.21

b. Joyce Bowman        $7,914.55

c. Alexis Truitt          $8,053.57

Total                 $24,437.33

While Defendants deny all liability, the settlement reached provides Plaintiffs with fair, adequate, and reasonable payment terms in light of the fact that these issues would have otherwise been litigated. As such, the Court should approve the collective action settlement, and dismiss the case with prejudice.

## CONCLUSION

The Parties voluntarily agreed to the terms of their settlement. All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process. The settlement provides Plaintiffs with fair and

adequate relief for their FLSA in light of the issues that may have otherwise required extensive litigation. Accordingly, the Parties jointly and respectfully request that this Court approve the terms of the Settlement Agreement and dismiss this case with prejudice.

Respectfully Submitted,

| | |
|---|---|
| /s/ John A. Schipper | /s/Anton Dirnberger III(w/permission) |
| DISABILITY & BENEFITS ASSOC. OF MICHIGAN, PLC | LITTLER MENDELSON, P.C. |
| Attorneys for Plaintiffs | Attorneys for Defendants |
| 200 E. Big Beaver Rd. | 200 Renaissance Center, Ste. 3110 |
| Troy, MI 48083 | Detroit, MI 48234 |
| (248) 729-2414 | (313 202-3170 |
| jschipper@disabilitybenefitsmi.com | adirnberger@littler.com |
| (P68770) | (P38430) |

Dated:	December 16, 2019

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of December, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ John A. Schipper<br>John A. Schipper